RILEY KINMAN, Plaintiff in Error, *v.* BENJ. W. CANNEFAX, Defendant in Error.

*Note—Evidence.*—Where there have been mutual accounts between parties, the giving of a note by one to the other is *prima facie* evidence of a settlement of accounts between them.

*Practice—Instructions.*—An instruction must not determine an issue of fact.

*Pleading—Admission.*—An answer to a petition upon a lost note, denying the execution of any such note as described, but stating that the defendant executed a note which by its description is the same as described in the petition, with an additional description, thereby admits the execution of the note sued upon.

*Error to ——— Circuit Court.*

BATES, Judge, delivered the opinion of the court.

This is a suit upon a lost note of the defendant to the plaintiff. The defendant did not put in issue the execution of the note, but averred that he did not make *any such note* as that described in the petition, but that he did execute a note to plaintiff which by its description is the same described in the petition, with the additional description that it was made payable at a certain place, and contained a stipulation that the plaintiff was not to trade it off, and if he did so the note was to be forfeited entirely. The defendant also averred that the note had been traded off to a third person, who was then the owner of it. The defendant also pleaded certain claims against the plaintiff as a set-off.

The case was tried before a jury, and instructions given for the defendant, and the plaintiff took a nonsuit, and judgment was entered that he take nothing by his suit. No judgment was entered as to the set-off pleaded by the defendant.

As to the set-off, the plaintiff had replied that it did not accrue within five years. At the trial, the defendant gave some evidence tending to prove the set-off, which also tended to prove that it accrued more than five years before it was set up against the plaintiff.

The court instructed the jury as follows:

1. "Plaintiff having replied, the statute of limitations to defendant's set-offs, and having failed to sustain his said plea, the several set-offs in defendant's answer stand admitted by the pleadings."

2. "That the execution and contents of the note not being admitted by the pleadings, and being sued on as a lost or destroyed instrument, it devolves on the plaintiff to prove both the execution and contents of said note as stated in the petition."

3. "If the jury believe from the evidence that defendant paid any amount of money for the individual use of Riley Kinman, which the said Kinman has not accounted for to defendant, they will find said amount by way of set-off."

I do not know that I comprehend fully what was intended by the first of these instructions, but it was at any rate erroneous in determining the issue of facts made by the set-off and the plaintiff's reply to it.

The second instruction is erroneous in deciding that the execution of the note sued on was not admitted by the answer.

The third is erroneous in leaving out of view the statute of limitations pleaded by the plaintiff.

The plaintiff asked six instructions, which were refused. Some of them were properly refused, and others might well have been given.

Where there have been mutual accounts between two persons, the giving of a note by one to the other is *prima facie* evidence of a settlement of accounts between them.

Judgment reversed and cause remanded. Judges Bay and Dryden concur.